Attorney No. 34089

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | | |
|---|---|---|---|
| 1200 ASHLAND, LLC, an Illinois limited liability company, | ) ) ) | | |
| Plaintiff, | ) ) | | 2007CH27441 |
| v. | ) ) ) | Case No. | CALENDAR/ROOM 15 TIME 00:00 Declaratory Jdgmt |
| LAWYERS TITLE INSURANCE CORPORATION, a Virginia corporation, | ) ) ) ) | | |
| Defendant. | ) | | |

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

NOW COMES the Plaintiff, 1200 Ashland, LLC ("Ashland"), an Illinois limited liability company, by and through its attorneys, Brown, Udell & Pomerantz, Ltd., and for its Verified Complaint for Declaratory Judgment and Other Relief against Defendant, Lawyers Title Insurance Corporation ("Lawyers Title"), a Virginia corporation, states as follows:

### Introduction

1.      In this action, Ashland seeks a declaration that, pursuant to certain endorsements to the owner's title policy that Lawyers Title issued to Ashland, Ashland is entitled to coverage with respect to certain defects to real property and improvements commonly known as 1200 N. Ashland Avenue, Chicago, Illinois (the "Property").   Ashland also asserts a claim against Lawyers Title for breach of the owners' title policy arising from Lawyers Title's failure to reimburse Ashland for loss arising from certain defects that are included within the coverage of certain endorsements to the owner's title policy that Lawyers Title issued to Ashland.

**Parties And Venue**

2.      Plaintiff, Ashland, is an Illinois limited liability company that has its principal office in the City of Chicago, County of Cook, Illinois.

3.      On information and belief, Defendant, Lawyers Title, is a Virginia corporation, licensed to conduct title insurance business in the State of Illinois, and with an office located at 10 S. LaSalle Street, Chicago, Illinois.

4.      The transaction out of which the cause of action set forth herein arose, or some part thereof, occurred in Cook County, Illinois.

**Facts**

5.      On December 22, 2004, Ashland closed on its purchase of the Property.

6.      In conjunction with the real estate transaction by which Ashland acquired the Property, on December 23, 2004 (the "Date of Policy"), Lawyers Title issued to Ashland an Owner's Policy of Title Insurance, Policy Number N01040691 (Underwriter Number A75-0289800) (the "Policy"), including certain endorsements, including, but not limited to, "Location Endorsement 4" and "Alta Endorsement – Form 3.1 Zoning – Completed Structure" ("Zoning Endorsement 3.1"). A true and correct copy of the Policy, including endorsements, is attached hereto as Exhibit 1.

7.      The Amount of Insurance provided pursuant to the Policy was $8,100,000.00.

8.      Location Endorsement 4 provided as follows:

The Company [Lawyers Title] hereby insures the insured against loss or damage which the insured shall sustain by reason of the following:

The failure of the land, described in Schedule A, to be contiguous to each other, without any gaps, gores or overlaps and, taken as tract, constitute one parcel of land.

2

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

See Exhibit 1, Location Endorsement 4.

9.    Zoning Endorsement 3.1 provided, in relevant part, as follows:

The Company [Lawyers Title] insures the insured against loss or damage sustained by the insured in the event that, at Date of Policy:

(a)    According to applicable zoning ordinances and amendments thereto, the land is not classified B1-3 Neighborhood Shopping District (Parcel 3), B3-2 Community Shopping District (Parcels 1 and 2).

See Exhibit 1, Zoning Endorsement 3.1.

10.    Near North National Title, LLC was the issuing agent for the Policy.

11.    Ashland paid all fees for the Policy, including all endorsements, at the closing on December 22, 2004.

12.    Subsequently, in or around May 2006, Ashland discovered that the survey prepared by Geopool CML Engineers Land Surveyors dated April 15, 2004, No. 04-074, did not accurately depict the exterior boundaries of the Property or accurately depict the dimensions of said boundaries.

13.    Specifically, the majority of Lot 2 in Fish's subdivision , as more fully described in the third of five tracts within Parcel 1 of Exhibit A to Schedule A of the Policy, should not be included in the land. Except for the northwest corner, it does not "fall within Lot 2 of the Assessor's Division aforesaid in Cook County, Illinois." As a result, the land described in Schedule A is not contiguous to each other, without any gaps, gores or overlaps and, taken as tract, constitute one parcel of land (the "Location Defects").

12.    In addition, subsequent to its acquisition of the Property, Ashland discovered that, according to applicable zoning ordinances and amendments thereto, that a portion of the Property is classified as Business Planned Development No. PD300 – not B1-3 (Parcel 3) and B3-2 (Parcels 1 and 2) (the "Zoning Defect").

13.    Ashland has sustained loss or damage by reason of the Location Defects and the Zoning Defect in an amount in excess of FIFTY THOUSAND and 00/DOLLARS ($50,000.00).

14.    On or about November 15, 2006, Ashland provided Lawyers Title with notice of claim based upon, among other things, Location Endorsement 4 and Zoning Endorsement 3.1 of the Policy arising from the Location Defects and the Zoning Defect.

15.    On or about February 5, 2007, Lawyers Title provided Ashland with notice that Lawyers Title denied Ashland's claim based upon Location Endorsement 4 and Zoning Endorsement 3.1.

16.    On or about February 12, 2007, Ashland requested that Lawyers Title reconsider its denial of Ashland's claim pursuant to Location Endorsement 4 and Zoning Endorsement 3.1 denied.

17.    On or about February 22, 2007, Lawyers Title refused to reconsider its denial of Ashland's claim pursuant to Location Endorsement 4 and Zoning Endorsement 3.1.

18.    Ashland has performed all of its obligations pursuant to the Policy and satisfied all conditions, not otherwise excused.

19.    Accordingly, based on all of the foregoing, there is an actual controversy between the parties.

## Count I – Declaratory Judgment

20.    Ashland realleges paragraphs 1 through 19 above as though fully set forth herein.

21.    Section 2-701(a) of the Illinois Code of Civil Procedure, 735 ILCS 5/2-701, authorizes the Court to make declaratory judgments as follows:

> The court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination, at the instance of anyone interested in the controversy, of the construction ... of any ... contract or other written instrument, and a declaration of the rights of the parties interested.

735 ILCS 5/2-701(a).

22.    As set forth above, there is an actual controversy between the parties as to Ashland's right to coverage and indemnification for loss or damage in excess of FIFTY THOUSAND and 00/100 ($50,000.00) by reason of the Location Defects and the Zoning Defects pursuant to Location Endorsement 4 and Zoning Endorsement 3.1 of the Policy.

WHEREFORE, Plaintiff 1200 Ashland, LLC respectfully requests that the Court enter a declaratory judgment in favor of 1200 Ashland, LLC and against Defendant Lawyers Title Insurance Corporation, as follows:

A.    Declaring that Plaintiff 1200 Ashland, LLC is entitled to coverage and indemnification by Defendant Lawyers Title Insurance Corporation for loss or damage in excess of FIFTY THOUSAND and 00/100 ($50,000.00) by reason of the Location Defects and the Zoning Defects pursuant to Location Endorsement 4 and Zoning Endorsement 3.1 of the Policy;

B.    Awarding Plaintiff 1200 Ashland, LLC its attorneys' fees and costs; and

C.    Granting such further or additional relief as the Court deems just and equitable.

### Count II – Breach Of Contract

23.    Ashland realleges paragraphs 1 through 19 above as though fully set forth herein.

24.     The Policy, including, but not limited to, Location Endorsement 4 and Zoning Endorsement 3.1 is a valid and enforceable contract.

25.     Ashland has performed all of its obligations pursuant to the Policy and has satisfied all conditions not otherwise excused.

26.     Lawyers Title has breached its obligations pursuant to the Policy, including, but not limited to, Location Endorsement 4 and Zoning Endorsement 3.1 by failing to indemnify Ashland against loss or damaged sustained by Ashland by reason of the Location Defects and the Zoning Defect.

27.     Ashland has been damaged in an amount in excess of FIFTY THOUSAND and 00/100 as a result of Lawyers Title's breach of its obligations pursuant to Location Endorsement 4 and Zoning Endorsement 3.1 of the Policy.

WHEREFORE, Plaintiff 1200 Ashland, LLC respectfully requests that the Court enter judgment in favor of 1200 Ashland, LLC and against Defendant Lawyers Title Insurance Corporation, as follows:

A.     Awarding judgment in favor of  Plaintiff 1200 Ashland, LLC and against Defendant Lawyers Title Insurance Corporation in an amount in excess of FIFTY THOUSAND and 00/100 ($50,000.00);

B.     Awarding Plaintiff 1200 Ashland, LLC its attorneys' fees and costs; and

C.     Granting such further or additional relief as the Court deems just and equitable.

Respectfully submitted,

1200 ASHLAND,  LLC

By:     _____
        One of his attorneys

6

Glenn Udell
William M. Ejzak
**BROWN, UDELL & POMERANTZ, LTD.**
1332 North Halsted Street – Suite 100
Chicago, Illinois 60622
(312) 475-9900
Attorney No. 34089

## VERIFICATION BY CERTIFICATE

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Robert D. Mosky-Manager

1200 Ashland, LLC

# EXHIBIT 1

ISSUED BY

**Lawyers Title Insurance Corporation**
A LANDAMERICA COMPANY

OWNER'S POLICY OF TITLE INSURANCE

POLICY NUMBER

A75-0289800

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, LAWYERS TITLE INSURANCE CORPORATION, a Virginia corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
2. Any defect in or lien or encumbrance on the title;
3. Unmarketability of the title;
4. Lack of a right of access to and from the land.

The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title, as insured, but only to the extent provided in the Conditions and Stipulations.

**IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION** has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Policy to become valid when countersigned by an authorized officer or agent of the Company.

**LAWYERS TITLE INSURANCE CORPORATION**

Attest: *J. A. D. West*
Secretary


SEAL
1925
RICHMOND, VA

By: *Janet A. Alpert*
President

### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
   (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.

3. Defects, liens, encumbrances, adverse claims or other matters:
   (a) created, suffered, assumed or agreed to by the insured claimant;
   (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;
   (c) resulting in no loss or damage to the insured claimant;
   (d) attaching or created subsequent to Date of Policy; or
   (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the estate or interest insured by this policy.

4. Any claim, which arises out of the transaction vesting in the Insured the estate or interest insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws that is based on:
   (a) the transaction creating the estate or interest insured by this policy being deemed a fraudulent conveyance or fraudulent transfer; or
   (b) the transaction creating the estate or interest insured by this policy being deemed a preferential transfer except where the preferential transfer results from the failure:
      (i) to timely record the instrument of transfer; or
      (ii) of such recordation to impart notice to a purchaser for value or a judgment or lien creditor.

NM 1 PA 10   Cover
ALTA Owner's Policy (10-17-92)
Form 1190-744

ORIGINAL

Valid only if Schedules A and B are attached

## CONDITIONS AND STIPULATIONS

**1. DEFINITION OF TERMS.**

The following terms when used in this policy mean:

(a) "insured": the insured named in Schedule A, and, subject to any rights or defenses the Company would have had against the named insured, those who succeed to the interest of the named insured by operation of law as distinguished from purchase including, but not limited to, heirs, distributees, devisees, survivors, personal representatives, next of kin, or corporate or fiduciary successors.

(b) "insured claimant": an insured claiming loss or damage.

(c) "knowledge" or "known": actual knowledge, not constructive knowledge or notice which may be imputed to an insured by reason of the public records as defined in this policy or any other records which impart constructive notice of matters affecting the land.

(d) "land": the land described or referred to in Schedule (A) and improvements affixed thereto which by law constitute real property. The term "land" does not include any property beyond the lines of the area described or referred to in Schedule (A), nor any right, title, interest, estate or easement in abutting streets, roads, avenues, alleys, lanes, ways or waterways, but nothing herein shall modify or limit the extent to which a right of access to and from the land is insured by this policy.

(e) "mortgage": mortgage, deed of trust, trust deed, or other security instrument.

(f) "public records": records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge. With respect to Section 1(a) (iv) of the Exclusions From Coverage, "public records" shall also include environmental protection liens filed in the records of the clerk of the United States district court for the district in which the land is located.

(g) "unmarketability of the title": an alleged or apparent matter affecting the title to the land, not excluded or excepted from coverage, which would entitle a purchaser of the estate or interest described in Schedule A to be released from the obligation to purchase by virtue of a contractual condition requiring the delivery of marketable title.

**2. CONTINUATION OF INSURANCE AFTER CONVEYANCE OF TITLE.**

The coverage of this policy shall continue in force as of Date of Policy in favor of an insured only so long as the insured retains an estate or interest in the land, or holds an indebtedness secured by a purchase money mortgage given by a purchaser from the insured, or only so long as the insured shall have liability by reason of covenants of warranty made by the insured in any transfer or conveyance of the estate or interest. This policy shall not continue in force in favor of any purchaser from the insured of either (i) an estate or interest in the land, or (ii) an indebtedness secured by a purchase money mortgage given to the insured.

**3. NOTICE OF CLAIM TO BE GIVEN BY INSURED CLAIMANT.**

The insured shall notify the Company promptly in writing (i) in case of any litigation as set forth in Section 4(a) below, (ii) in case knowledge shall come to an insured hereunder of any claim of title or interest which is adverse to the title to the estate or interest, as insured, and which might cause loss or damage for which the Company may be liable by virtue of this policy, or (iii) if title to the estate or interest, as insured, is rejected as unmarketable. If prompt notice shall not be given to the Company, then as to the insured all liability of the Company shall terminate with regard to the matter or matters for which prompt notice is required; provided, however, that failure to notify the Company shall in no case prejudice the rights of any insured under this policy unless the Company shall be prejudiced by the failure and then only to the extent of the prejudice.

**4. DEFENSE AND PROSECUTION OF ACTIONS; DUTY OF INSURED CLAIMANT TO COOPERATE.**

(a) Upon written request by the insured and subject to the options contained in Section 6 of these Conditions and Stipulations, the Company, at its own cost and without unreasonable delay, shall provide for the defense of an insured in litigation in which any third party asserts a claim adverse to the title or interest as insured, but only as to those stated causes by action alleging a defect, lien or encumbrance or other matter insured against by this policy. The Company shall have the right to select counsel of its choice (subject to the right of the insured to object for reasonable cause) to represent the insured as to those stated causes of action and shall not be liable for and will not pay the fees of any other counsel. The Company will not pay any fees, costs or expenses incurred by the insured in the defense of those causes of action which allege matters not insured by this policy.

(b) The Company shall have the right, at its own cost, to institute and prosecute any action or proceeding or to do any other act which in its opinion may be necessary or desirable to establish the title to the estate or interest, as insured, or to prevent or reduce loss or damage to the insured. The Company may take any appropriate action under the terms of this policy, whether or not it shall be liable hereunder, and shall not thereby concede liability or waive any provision of this policy. If the Company shall exercise its rights under this paragraph, it shall do so diligently.

(c) Whenever the Company shall have brought an action or interposed a defense as required or permitted by the provisions of this policy, the Company may pursue any litigation to final determination by a court of competent jurisdiction and expressly reserves the right, in its sole discretion, to appeal from any adverse judgment or order.

(d) In all cases where this policy permits or requires the Company to prosecute or provide for the defense of any action or proceeding, the insured shall secure to the Company the right to so prosecute or provide defense in the action or proceeding, and all appeals therein, and permit the Company to use, at its option, the name of the insured for this purpose. Whenever requested by the Company, the insured, at the Company's expense, shall give the Company all reasonable aid (i) in any action or proceeding, securing evidence, obtaining witnesses, prosecuting or defending the action or proceeding, or effecting settlement, and (ii) in any other lawful act which in the opinion of the Company may be necessary or desirable to establish the title to the estate or interest as insured. If the Company is prejudiced by the failure of the insured to furnish the required cooperation, the Company's obligations to the insured under the policy shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, with regard to the matter or matters requiring such cooperation.

**5. PROOF OF LOSS OR DAMAGE.**

In addition to and after the notices required under Section 3 of these Conditions and Stipulations have been provided the Company, a proof of loss or damage signed and sworn to by the insured claimant shall be furnished to the Company within 90 days after the insured claimant shall ascertain the facts giving rise to the loss or damage. The proof of loss or damage shall describe the defect in, or lien or encumbrance on the title, or other matter insured against by this policy which constitutes the basis of loss or damage and shall state, to the extent possible, the basis of calculating the amount of the loss or damage. If the Company is prejudiced by the failure of the insured claimant to provide the required proof of loss or damage, the Company's obligations to the insured under the policy shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, with regard to the matter or matters requiring such proof of loss or damage.

In addition, the insured claimant may reasonably be required to submit to examination under oath by any authorized representative of the Company and shall produce for examination, inspection and copying, at such reasonable times and places as may be designated by any authorized representative of the Company, all records, books, ledgers, checks, correspondence and memoranda, whether bearing a date before or after Date of Policy, which reasonably pertain to the loss or damage. Further, if requested by any authorized representative of the Company, the insured claimant shall grant its permission, in writing, for any authorized representative of the Company to examine, inspect and copy all records, books, ledgers, checks, correspondence and memoranda in the custody or control of a third party, which reasonably pertain to the loss or damage. All information designated as confidential by the insured claimant provided to the Company pursuant to this Section shall not be disclosed to others unless, in the reasonable judgment of the Company, it is necessary in the administration of the claim. Unless prohibited by law or governmental regulation, failure of the insured claimant to submit for examination under oath, produce other reasonably requested information or grant permission to secure reasonably necessary information from third parties as required in this paragraph shall terminate any liability of the Company under this policy as to that claim.

**6. OPTIONS TO PAY OR OTHERWISE SETTLE CLAIMS; TERMINATION OF LIABILITY.**

In case of a claim under this policy, the Company shall have the following additional options:

(a) To Pay or Tender Payment of the Amount of Insurance.

To pay or tender payment of the amount of insurance under this policy together with any costs, attorneys' fees and expenses incurred by the insured claimant, which were authorized by the Company, up to the time of payment or tender of payment and which the Company is obligated to pay.

Upon the exercise by the Company of this option, all liability and obligations to the insured under this policy, other than to make the payment required, shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, and the policy shall be surrendered to the Company for cancellation.

(b) To Pay or Otherwise Settle With Parties Other than the Insured or With the Insured Claimant.

(i) to pay or otherwise settle with other parties for or in the name of an insured claimant any claim insured against under this policy, together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by the Company up to time of payment and which the Company is obligated to pay; or

(ii) to pay or otherwise settle with the insured claimant the loss or damage provided for under this policy, together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by the Company up to the time of payment and which the Company is obligated to pay.

Upon the exercise by the Company of either of the options provided for in paragraphs (b)(i) or (ii), the Company's obligations to the insured under this policy for the claimed loss or damage, other than the payments required to be made, shall terminate, including any liability or obligation to defend, prosecute or continue any litigation.

## CONDITIONS AND STIPULATIONS
(Continued)

**7. DETERMINATION, EXTENT OF LIABILITY AND COINSURANCE.**

This policy is a contract of indemnity against actual monetary loss or damage sustained or incurred by the insured claimant who has suffered loss or damage by reason of matters insured against by this policy and only to the extent herein described.

(a) The liability of the Company under this policy shall not exceed the least of:

(i) the Amount of Insurance stated in Schedule A; or,

(ii) the difference between the value of the insured estate or interest as insured and the value of the insured estate or interest subject to the defect, lien or encumbrance insured against by this policy.

(b) In the event the Amount of Insurance stated in Schedule A at the Date of Policy is less than 80 percent of the value of the insured estate or interest or the full consideration paid for the land, whichever is less, or if subsequent to the Date of Policy an improvement is erected on the land which increases the value of the insured estate or interest by at least 20 percent over the Amount of Insurance stated in Schedule A, then this Policy is subject to the following:

(i) where no subsequent improvement has been made, as to any partial loss, the Company shall only pay the loss pro rata in the proportion that the amount of insurance at Date of Policy bears to the total value of the land insured estate or interest at Date of Policy; or

(ii) where a subsequent improvement has been made, as to any partial loss, the Company shall only pay the loss pro rata in the proportion that 120 percent of the Amount of Insurance stated in Schedule A bears to the sum of the Amount of Insurance stated in Schedule A and the amount expended for the improvement.

The provisions of this paragraph shall not apply to costs, attorneys' fees and expenses for which the Company is liable under this policy, and shall only apply to that portion of any loss which exceeds, in the aggregate, 10 per cent of the Amount of Insurance stated in Schedule A.

(c) The Company will pay only those costs, attorneys' fees and expenses incurred in accordance with Section 4 of these Conditions and Stipulations.

**8. APPORTIONMENT.**

If the land described in Schedule A consists of two or more parcels which are not used as a single site, and a loss is established affecting one or more of the parcels but not all, the loss shall be computed and settled on a pro rata basis as if the amount of insurance under this policy was divided pro rata as to the value on Date of Policy of each separate parcel to the whole, exclusive of any improvements made subsequent to Date of Policy, unless a liability or value has otherwise been agreed upon as to each parcel by the Company and the insured at the time of the issuance of this policy and shown by an express statement or by an endorsement attached to this policy.

**9. LIMITATION OF LIABILITY.**

(a) If the Company establishes the title, or removes the alleged defect, lien or encumbrance, or cures the lack of a right of access to or from the land, or cures the claim of unmarketability of title, all as insured, in a reasonably diligent manner by any method, including litigation and the completion of any appeals therefrom, it shall have fully performed its obligations with respect to that matter and shall not be liable for any loss or damage caused thereby.

(b) In the event of any litigation, including litigation by the Company or with the Company's consent, the Company shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title as insured.

(c) The Company shall not be liable for loss or damage to any insured for liability voluntarily assumed by the insured in settling any claim or suit without the prior written consent of the Company.

**10. REDUCTION OF INSURANCE; REDUCTION OR TERMINATION OF LIABILITY.**

All payments under this policy, except payments made for costs, attorneys' fees and expenses, shall reduce the amount of the insurance pro tanto.

**11. LIABILITY NONCUMULATIVE.**

It is expressly understood that the amount of insurance under this policy shall be reduced by any amount the Company may pay under any policy insuring a mortgage to which exception is taken in Schedule B or to which the insured has agreed, assumed, or taken subject, or which is hereafter executed by an insured and which is a charge or lien on the estate or interest described or referred to in Schedule A, and the amount so paid shall be deemed a payment under this policy to the insured owner.

**12. PAYMENT OF LOSS.**

(a) No payment shall be made without producing this policy for endorsement of the payment unless the policy has been lost or destroyed, in which case proof of loss or destruction shall be furnished to the satisfaction of the Company.

(b) When liability and the extent of loss or damage has been definitely fixed in accordance with these Conditions and Stipulations, the loss or damage shall be payable within 30 days thereafter.

**13. SUBROGATION UPON PAYMENT OR SETTLEMENT.**

(a) The Company's Right of Subrogation.

Whenever the Company shall have settled and paid a claim under this policy, all right of subrogation shall vest in the Company unaffected by any act of the insured claimant.

The Company shall be subrogated to and be entitled to all rights and remedies which the insured claimant would have had against any person or property in respect to the claim had this policy not been issued. If requested by the Company, the insured claimant shall transfer to the Company all rights and remedies against any person or property necessary in order to perfect this right of subrogation. The insured claimant shall permit the Company to sue, compromise or settle in the name of the insured claimant and to use the name of the insured claimant in any transaction or litigation involving these rights or remedies.

If a payment on account of a claim does not fully cover the loss of the insured claimant, the Company shall be subrogated to these rights and remedies in the proportion which the Company's payment bears to the whole amount of the loss.

If loss should result from any act of the insured claimant, as stated above, that act shall not void this policy, but the Company, in that event, shall be required to pay only that part of any losses insured against by this policy which shall exceed the amount, if any, lost to the Company by reason of the impairment by the insured claimant of the Company's right of subrogation.

(b) The Company's Rights Against Non-insured Obligors.

The Company's right of subrogation against non-insured obligors shall exist and shall include, without limitation, the rights of the insured to indemnities, guaranties, other policies of insurance or bonds, notwithstanding any terms or conditions contained in those instruments which provide for subrogation rights by reason of this policy.

**14. ARBITRATION.**

Unless prohibited by applicable law, either the Company or the insured may demand arbitration pursuant to the Title Insurance Arbitration Rules of the American Arbitration Association. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation. All arbitrable matters when the Amount of Insurance is $1,000,000 or less shall be arbitrated at the option of either the Company or the insured. All arbitrable matters when the Amount of Insurance is in excess of $1,000,000 shall be arbitrated only when agreed to by both the Company and the insured. Arbitration pursuant to this policy and under the Rules in effect on the date the demand for arbitration is made or, at the option of the insured, the Rules in effect at Date of Policy shall be binding upon the parties. The award may include attorneys' fees only if the laws of the state in which the land is located permit a court to award attorneys' fees to a prevailing party. Judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof.

The law of the situs of the land shall apply to an arbitration under the Title Insurance Arbitration Rules.

A copy of the Rules may be obtained from the Company upon request.

**15. LIABILITY LIMITED TO THIS POLICY; POLICY ENTIRE CONTRACT.**

(a) This policy together with all endorsements, if any, attached hereto by the Company is the entire policy and contract between the insured and the Company. In interpreting any provision of this policy, this policy shall be construed as a whole.

(b) Any claim of loss or damage, whether or not based on negligence, and which arises out of the status of the title to the estate or interest covered hereby or by any action asserting such claim, shall be restricted to this policy.

(c) No amendment of or endorsement to this policy can be made except by a writing endorsed hereon or attached hereto signed by either the President, a Vice President, the Secretary, an Assistant Secretary, or validating officer or authorized signatory of the Company.

**16. SEVERABILITY.**

In the event any provision of the policy is held invalid or unenforceable under applicable law, the policy shall be deemed not to include that provision and all other provisions shall remain in full force and effect.

**17. NOTICES WHERE SENT.**

All notices required to be given the Company and any statement in writing required to be furnished the Company shall include the number of this policy and shall be addressed to: Consumer Affairs Department, P.O. Box 27567, Richmond, Virginia 23261-7567.

## A WORD OF THANKS .....

As we make your policy a part of our permanent records, we want to express our appreciation of this evidence of your faith in Lawyers Title Insurance Corporation.

There is no recurring premium.

This policy provides valuable title protection and we suggest you keep it in a safe place where it will be readily available for future reference.

If you have any questions about the protection provided by this policy, contact the office that issued your policy or you may write to:

Consumer Affairs Department

**Lawyers Title Insurance Corporation**
A LANDAMERICA COMPANY
P.O. Box 27567
Richmond, Virginia 23261-7567
TOLL-FREE NUMBER: 1-800-446-7086



**Lawyers Title Insurance Corporation**
A LANDAMERICA COMPANY

### OWNER'S POLICY OF TITLE INSURANCE

AMERICAN LAND TITLE ASSOCIATION
(10-17-92)

ISSUED BY
Lawyers Title Insurance Corporation

HOME OFFICE
101 Gateway Centre Parkway, Gateway One
Richmond, Virginia 23235-5153



# NEAR NORTH NATIONAL TITLE LLC
### ISSUING AGENT

## OWNER'S FORM

## SCHEDULE A

Number: N01040691
Underwriter Number: A75-0289800
Date of Policy: 12/23/2004

Amount of Policy: $8,100,000.00

1.  Name of Insured:

    **1200 Ashland LLC, a Illinios limited liability company**

2.  The estate or interest in the land described or referred to in this Schedule covered by this policy is:

    **fee simple**

3.  Title to the estate or interest covered by this policy at the date hereof is vested in the Insured.

    **1200 Ashland LLC, a Illinois limited liability company**

4.  The land referred to in this policy is described as follows:

    **See Exhibit A attached hereto and made a part hereof.**

This policy valid only if Schedule B is attached.

# NEAR NORTH NATIONAL TITLE LLC
### ISSUING AGENT

## OWNER'S FORM

## SCHEDULE B

Number: N01040691

This policy does not insure against loss or damage by reason of the following:

A:  Standard Exceptions:

    1.  Rights or claims of parties in possession not shown by the public records.

    2.  Easements, or claims or easements, not shown by the public records.

    3.  Encroachments, overlaps, boundary line disputes, or other matters which would be disclosed by an accurate survey or inspection of the premises.

    4.  Any lien, or right to a lien, for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by public records.

    5.  Taxes, or special assessments which are not shown as existing liens by the public records.

    **Note:  Standard Exceptions 1 through 5 are hereby deleted.**

B:  Special Exceptions:

1.  General real estate taxes for the year 2004. Tax numbers 17-06-235-077 (Affects Lots 3 and 4), 17-06-235-090 (Affects Lots 1 and 38), 17-06-235-091 (Affects Lot 2), 17-06-235-093 (Affects Lot 1 in Henry Fetz Resubdivision), and 17-06-235-116 (Affects part of Lots 11, 14, 15, 18, 19, 22, 23, 26 and 27).

    The 2004 taxes are not yet due and payable.

    (Affects Parcel 1)

2.  General real estate taxes for the year 2004. Tax number 17-06-235-092 (Affects Lots 25 to 30 and vacated alleys).

    Note: The 2004 taxes are not yet due and payable.

    (Affects Parcel 2)

3.  General real estate taxes for the year 2004. Tax number 17-06-235-078 (Affects Lots 5 to 9).

    Note: The 2004 taxes are not yet due and payable.

    (Affects Parcel 3)

4.  Court granted to the Commonwealth Edison Company, its successors and assigns for the purpose of constructing, operating, using, maintaining, repairing, relocating, replacing, renewing and removing poles, crossarms, wires, cables, conduits and other overhead or underground equipment, for the transmission and distribution of electric energy, in, under, over, across and along the areas as shown on the plat recorded January 10, 1966 as document number 19705714.

    (Affects the following: The North 1/2 of the East and West public alley, generally 16 feet wide lying South of and adjoining Lots 28, 29 and 30 J. P. Fish's Subdivision)

5.  Easement to install and maintain all equipment for the purpose of serving the premises in question and other property with electric service, together with rights of access thereto, as created by grant to the Commonwealth Edison Company recorded January 10,

**Owner's Form - Schedule B - Continued**

1966 as document 19705715 over the public alley, if vacated over and across the South 1/2 of the East and West public alley, 16.0 feet wide, lying North of adjoining land.

(Affects Parcel 1)

6.  Rights of the public and City of Chicago as follows: A permanent perpetual and exclusive right, easement, and right of way for the construction, maintenance of and operation of subways and tunnels in through and under: that part of Lot 25 in J.P. Fish Subdivision of Lots 1 and 2 in the Assessor's Division in the East 1/2 of the Northeast 1/4 of Section 6, Township 39 North, Range 14 East of the Third Principal Meridian, in Cook County, Illinois, lying Northeast of a line which extends from the West corner of said lot; thence Southeasterly along a straight line to a point on the Southeasterly line of said lot; said point being 3.0 feet Southwest of the Easterly corner of said lot; also that part of said Lot 25 described as follows: Beginning at a point on the above described line 10.0 feet Northwest of Southeast line of said lot; thence Southwest at right angles to the above described line for a distance of 10.0 feet; thence Southeast at right angles to the last described course to the Southeast line of said lot; thence Northeast along the Southeast line of said lot to the point which is 3/0 feet Southwest of the East corner of said lot; thence Northwest to the point of beginning; and below a horizontal plane whose elevation in 5 feet above Chicago datum and lying between the lines of the aforesaid property vertically downward to the center of the earth, pursuant to order in case 39C6968.

(Affects Parcel 2, Tract 1)

7.  Covenants, conditions and restrictions contained in the ordinance for vacations of parts of public alleys described in document number 87203267.

(Affects Parcel 2)

8.  Right of MB Financial Bank, N.A. under a lease dated December 22, 2004 and of all parties claiming by, through or under them.

9.  If any document referenced herein contains a covenant, condition or restriction violative of 42usc 3604(c), such covenant, condition or restriction to the extent of such violation is hereby deleted.

10. Restrictions contained in the Trustee's Deed from Cole Taylor Bank, as trustee under Trust Number 41834 to 1200 Ashland, LLC dated December 17, 2004 and recorded December 23, 2004 as document number 0435832077 as follows:

    This conveyance creates a restriction that neither party of the second part nor any other person or entity shall use all or any part of the real estate described in Exhibit "A" as a bank or financial institution except for (i) M.B. Financial Bank, N.A., its successors, assigns and affiliates, and (ii) any entity that acquires, is acquired by or mergers with M.B. Financial Bank, N.A., or any of its successors, assigns or affiliates.

11. Restrictions contained in the Trustee's Deed from Ashland Management Agency, Inc., dated December 17, 2004 and recorded December 23, 2004 as document number 0435832078 as follows:

    This conveyance creates a restriction that neither party of the second part nor any other person or entity shall use all or any part of the real estate described in Exhibit "A" as a bank or financial institution except for (i) M.B. Financial Bank, N.A., its successors, assigns and affiliates, and (ii) any entity that acquires, is acquired by or mergers with M.B. Financial Bank, N.A., or any of its successors, assigns or affiliates.

12. Mortgage entitled "Mortgage, Security Agreement, Fixture Filing and Financing Statement" dated December 17, 2004 and recorded December 23, 2004 as document number 0435832079, made by 1200 Ashland, LLC, an Illinois limited liability company, to Amcore Bank, N.A., a national banking association, to secure an indebtedness of $8,900,000.00.

13. Assignment of Rents entitled "Assignment of Rents and Leases" dated December 17, 2004 and recorded December 23, 2004 as document number 0435832080, made by 1200 Ashland, LLC, an Illinois limited liability company, to AMCORE Bank, N.A., a national banking association.

ISSUING AGENT

**Owner's Form - Schedule B - Continued**

BY: *Cindy Krause*
AUTHORIZED SIGNATORY

**NEAR NORTH NATIONAL TITLE LLC**

222 N. LaSalle Street
Chicago, IL  60601

(312) 419-3900
FAX:    (312) 419-0778

**Exhibit A**

<u>Parcel 1:</u>

Lots 3 and 4 in Fish's Subdivision of Lots 1 and 2 in Assessors' Division of unsubdivided lands in the North East quarter and the East half of the North West quarter of Section 6, Township 39 North, Range 14, East of the Third Principal Meridian, in Cook County, Illinois.

Also

Lots 1 and 38 in Fish's Subdivision of Lot 1 and 2 in Assessor's Division of unsubdivided lands in North East quarter and East half of North West quarter of Section 6, Township 39 North, Range 14, East of the Third Principal Meridian, in Cook County, Illinois.

Also,

That part of Lot 2 in Fish's Subdivision of Lots 1 and 2 in the Assessor's Division of unsubdivided lands in the North East 1/4 and the East 1/2 of the North West 1/4 of Section 6, Township 39 North, Range 14, East of the Third Principal Meridian, which falls in Lot 2 of the Assessor's Division aforesaid in Cook County, Illinois.

Also,

Lot 1 in Henry Felz Resubdivision of Lots 35, 36 and 37 in J. P. Fish's Subdivision of Lots 1 and 2 of Assessors Division in the South East corner of the North East quarter of Section 6, Township 39 North, Range 14 East of the Third Principal Meridian, in Cook County, Illinois.

Also,

That part of Lots 11, 14, 15, 18, 19, 22, 23, 26 and 27 in J.E. Thompson's Addition to Chicago in the East 1/2 of the Northeast 1/4 of Section 6, Township 39 North, Range 14 East of the Third Principal Meridian described as follows: beginning at the most Northerly Northeast corner of said Lot 11; thence Southerly along an Easterly line of Lot 11, a distance of 11.30 feet to a corner of said Lot 11; thence Southwesterly along the Southeasterly line of said Lots 11, 14, 15, 18, 19, 22, 23, 26 and 27, a distance of 186.50 feet; thence Northwesterly along a line which is parallel with the Northeasterly line of said Lot 11, a distance of 72.00 feet; thence Northeasterly along a line which is parallel with the Southeasterly line of said Lots 11, 14, 15, 18, 19, 22, 23, 26 and 27, a distance of 194.50 feet to the Northeasterly line of said Lot 11, thence Southeasterly along said Northeasterly line of Lot 11, a distance of 64.00 feet to the place of beginning, all in Cook County, Illinois.

<u>Parcel 2:</u>

Tract No. 1:

Lots 25, 26, 27, 28, 29 and 30 in J. P. Fish's Subdivision of Lots 1 and 2 in the Assessors Division of the Southeast corner of the Northeast 1/4 of Section 6, Township 39 North, Range 14 East of the Third Principal Meridian, in Cook County, Illinois.

Tract No. 2:

That part of the Northeasterly and Southwesterly vacated 30 foot alley or court lying Northwesterly of and adjacent to said Lots 25 through 30.

Tract No. 3:

The East and West vacated alley lying South of and adjacent to said Lots 28, 29 and 30 (except the South 8.0 feet of that part of said vacated alley lying North of and adjacent to Lots 2 and 3) in Felz Resubdivision of Lots 35, 36, and 37 in J. P. Fish's

Subdivision aforesaid.

Parcel 3:

Lots 5, 6, 7, 8, and Lot 9 (excepting therefrom that part thereof lying East of a line 60 feet West of and parallel with the East line of said Section 6) in Fish's Subdivision of Lots 1 and 2 in Assessor's Division of unsubdivided lands in the North East 1/4 and the East 1/2 of the North West 1/4 of Section 6, Township 39 North, Range 14, East of the Third Principal Meridian, in Cook County, Illinois.

## ENDORSEMENT
### ISSUED BY

## Lawyers Title Insurance Corporation

Attached to Policy No. N01040691

Underwriter No. A75-0289800

### LOCATION ENDORSEMENT 5

The Company hereby insures the insured against loss or damage which the insured shall sustain by reason of the following:

The failure of the plat of survey made by **Geopool CML Engineers Land Surveyors, dated April 15, 2004, No. 04-074,** to accurately depict the location of the exterior boundaries of said land, show the proper dimensions of said boundaries and correctly reflect the absence of any encroachments or easements not otherwise expressly set forth in Schedule B.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**Near North National Title LLC,** as issuing agent

Dated: December 23, 2004

By: _Andy Krause_



# NEAR NORTH NATIONAL TITLE LLC
### ISSUING AGENT

## OWNER'S FORM

## SCHEDULE A

Number: N01040691
Underwriter Number: A75-0289800
Date of Policy: December 23, 2004

Amount of Policy: $8,100,000.00

1.  Name of Insured:

    **1200 Ashland LLC, a Illinois limited liability company**

2.  The estate or interest in the land described or referred to in this Schedule covered by this policy is:

    **fee simple**

3.  Title to the estate or interest covered by this policy at the date hereof is vested in the Insured.

    **1200 Ashland LLC, a Illinois limited liability company**

4.  The land referred to in this policy is described as follows:

    **See Exhibit A attached hereto and made a part hereof.**

This policy valid only if Schedule B is attached.

# NEAR NORTH NATIONAL TITLE LLC
ISSUING AGENT

## OWNER'S FORM

### SCHEDULE B

Number: **N01040691**

This policy does not insure against loss or damage by reason of the following:

A:  Standard Exceptions:

1.  Rights or claims of parties in possession not shown by the public records.

2.  Easements, or claims or easements, not shown by the public records.

3.  Encroachments, overlaps, boundary line disputes, or other matters which would be disclosed by an accurate survey or inspection of the premises.

4.  Any lien, or right to a lien, for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by public records.

5.  Taxes, or special assessments which are not shown as existing liens by the public records.

    **Note:  Standard Exceptions 1 through 5 are hereby deleted.**

B:  Special Exceptions:

1.  General real estate taxes for the year 2004. Tax numbers 17-06-235-077 (Affects Lots 3 and 4), 17-06-235-090 (Affects Lots 1 and 38), 17-06-235-091 (Affects Lot 2), 17-06-235-093 (Affects Lot 1 in Henry Fetz Resubdivision), and 17-06-235-116 (Affects part of Lots 11, 14, 15, 18, 19, 22, 23, 26 and 27).

    The 2004 taxes are not yet due and payable.

    (Affects Parcel 1)

2.  General real estate taxes for the year 2004. Tax number 17-06-235-092 (Affects Lots 25 to 30 and vacated alleys).

    Note: The 2004 taxes are not yet due and payable.

    (Affects Parcel 2)

3.  General real estate taxes for the year 2004. Tax number 17-06-235-078 (Affects Lots 5 to 9).

    Note: The 2004 taxes are not yet due and payable.

    (Affects Parcel 3)

4.  Court granted to the Commonwealth Edison Company, its successors and assigns for the purpose of constructing, operating, using, maintaining, repairing, relocating, replacing, renewing and removing poles, crossarms, wires, cables, conduits and other overhead or underground equipment, for the transmission and distribution of electric energy, in, under, over, across and along the areas as shown on the plat recorded January 10, 1966 as document number 19705714.

    (Affects the following: The North 1/2 of the East and West public alley, generally 16 feet wide lying South of and adjoining Lots 28, 29 and 30 J. P. Fish's Subdivision)

5.  Easement to install and maintain all equipment for the purpose of serving the premises in question and other property with electric service, together with rights of access thereto, as created by grant to the Commonwealth Edison Company recorded January 10,

## ENDORSEMENT
### ISSUED BY

## Lawyers Title Insurance Corporation

Attached to Policy No. N01040691

Underwriter No.  A75-0289800

### ALTA ENDORSEMENT - FORM 3.1
### ZONING - COMPLETED STRUCTURE

1.   The Company insures the insured against loss or damage sustained by the insured in the event that, at Date of Policy:

(a)   According to applicable zoning ordinances and amendments thereto, the land is not classified **B1-3 Neighborhood Shopping District (Parcel 3), B3-2 Community Shopping District (Parcels 1 and 2).**

(b)   The following use or uses are not allowed under that classification, but there shall be no liability under this paragraph 1(b) if the use or uses are not allowed as a result of any lack of compliance with any conditions, restrictions, or requirements contained in the zoning ordinances and amendments thereto, including but not limited to the failure to secure necessary consents or authorizations as a prerequisite to the use or uses:
**Dwelling units above ground floor**
**Multi-Family as a special use**
**Restaurant**
**Office**
**Financial Services, Banks**
**Retail Sales**
**Other permitted uses as detailed in the ordinance**

2.   The Company further insures against loss or damage arising from a final decree of a court of competent jurisdiction

(a)   prohibiting the use of the land, with any structure presently located thereon, as specified in paragraph 1(b); or

(b)  requiring the removal or alteration of the structure on the basis that, at Date of Policy, the ordinances and amendments thereto have been violated with respect to any of the following matters:
(i)   Area, width or depth of the land as a building site for the structure;
(ii)  Floor space area of the structure;
(iii) Setback of the structure from the property lines of the land; or
(iv) Height of the structure;

There shall be no liability under this endorsement based on the invalidity of the ordinances and amendments thereto until after a final decree of a court of competent jurisdiction adjudicating the invalidity, the effect of which is to prohibit the use or uses.

Loss or damage as to the matters insured against by this endorsement shall not include loss or damage sustained or incurred by reason of the refusal of any person to purchase, lease or lend money on the estate or interest covered by this Policy.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy or (iv) increase the Amount of Insurance.  To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls.  Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**Near North National Title LLC,** as issuing agent

Dated: December 23, 2004

By: _Cindy Krause_

SWS Vision Form EN300  Rev. 09/15/00

**ENDORSEMENT**
ISSUED BY

## Lawyers Title Insurance Corporation

Attached to Policy No. **N01040691**

**Underwriter No. A75-0289800**

**LOCATION ENDORSEMENT 4**

The Company hereby insures the insured against loss or damage which the insured shall sustain by reason of the following:

The failure of the land, described in Schedule A, to be contiguous to each other, without any gaps, gores or overlaps and, taken as tract, constitute one parcel of land.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**Near North National Title LLC**, as issuing agent

Dated: **December 23, 2004**

By: _Cindy Krause_

*ACK-IL-26620*

# CAPITOL CORPORATE SERVICES

P.O. Box 1831
Austin, TX 78767
Phone: (800) 345-4647   Fax: (800) 472-0533

## Client Acknowledgement Receipt of Service Of Process

| | |
|---|---|
| JOANN LOWRY<br>LANDAMERICA FINANCIAL GROUP, INC.<br>5600 COX RD<br>GLEN ALLEN, VA 23060 | **Processed Date :** 10/8/2007 |
| | **Completed By :** MICAH CAUDLE |
| | **Client Delivery Method :** FedEx Standard Overnight Letter |
| | **Tracking Number :** 672501849535 |

| Date / Time Received | Transmittal # | Delivered to Agent By |
|---|---|---|
| 10/5/2007  1:30:00PM in Illinois | IL-26620 | Process Server |

**With Regard To Client**

LAWYERS TITLE INSURANCE CORPORATION

**Title of Case or Action**

1200 ASHLAND LLC v. LAWYERS TITLE INSURANCE CORP.

**Case Number**

2007CH27441

**Court Name**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## Acknowledgement of Receipt of Service of Process

Please sign, date and return this notice acknowledging receipt of SOP documents. An addressed, stamped envelope is enclosed for your convenience.

**Received By :** _____   **Date :** _____

## Client Acknowledgement Copy