**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| 1200 ASHLAND, LLC, an Illinois limited liability company | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 07 C 6241 |
| LAWYERS TITLE INSURANCE CORPORATION, a Virginia corporation | ) ) ) | |
| Defendant. | ) ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
LAWYERS TITLE INSURANCE CORPORATION**

LAWYERS TITLE INSURANCE CORPORATION ("Lawyers Title"), by its attorneys,

answers 1200 Ashland, LLC's ("Ashland") Verified Complaint for Declaratory Judgment and

Other Relief (the "Complaint") as follows:

**Introduction**

1.      In this action, Ashland seeks a declaration that, pursuant to certain endorsements
to the owner's title policy that Lawyers Title issued to Ashland, Ashland is entitled to coverage
with respect to certain defects to real property and improvements commonly known as 1200 N.
Ashland Avenue, Chicago, Illinois (the "Property").  Ashland also asserts a claim against
Lawyers Title for breach of the owners' title policy arising from Lawyers Title's failure to
reimburse Ashland for loss arising from certain defects that are included within the coverage of
certain endorsements to the owner's title policy that Lawyers Title issued to Ashland.

**ANSWER:**     To the extent that the allegations in this paragraph allege legal

conclusions, no answer thereto is necessary or required.  To the extent that such allegations are

allegations of facts, Lawyers Title states that the Complaint speaks for itself with respect to the

matters set forth therein, denies such allegations to the extent that they may be inconsistent with

the allegations of the Complaint, and denies any remaining allegations.

## Parties And Venue

2.      Plaintiff, Ashland, is an Illinois limited liability company that has its principal office in the City of Chicago, County of Cook, Illinois.

**ANSWER:**     Lawyers Title admits the allegations in this paragraph.

3.      On information and belief, Defendant, Lawyers Title, is a Virginia corporation, licensed to conduct title insurance business in the State of Illinois, and with an office located at 10 S. LaSalle Street, Chicago, Illinois.

**ANSWER:**     Lawyers Title denies that it a Virginia corporation and states it is a

Nebraska corporation.  Lawyers Title admits the remaining allegations in this paragraph.

4.      The transaction out of which the cause of action set forth herein arose, or some part thereof, occurred in Cook County, Illinois.

**ANSWER:**     Lawyers Title admits the allegations in this paragraph.

## Facts

5.      On December 22, 2004, Ashland closed on its purchase of the Property.

**ANSWER:**     Lawyers Title admits that the closing of Ashland's purchase of the

Property occurred on December 22, 2004.  Lawyers Title denies the remaining allegations in this

paragraph.

6.      In conjunction with the real estate transaction by which Ashland acquired the Property on December 23, 2004 (the "Date of Policy"), Lawyers Title issued to Ashland an Owner's Policy of Title Insurance, Policy Number N01040691 (Underwriter Number A75-0289800) (the "Policy"), including certain endorsements, including, but not limited to, "Location Endorsement 4" and "Alta Endorsement — Form 3.1 Zoning — Completed Structure" ("Zoning Endorsement 3.1").  A true and correct copy of the Policy, including endorsements, is attached hereto as Exhibit 1.

**ANSWER:**     Lawyers Title's Owner's Policy No. A75-0289800, as issued incident to

the closing (which is how Ashland appears to define "Policy") is herein called the "Policy;"

Lawyers Title's answers to the allegations in this Complaint are based upon that definition.

Lawyers Title denies that Exhibit 1 to the Complaint is a true and correct copy of the

Policy.  Lawyers Title admits that it issued the Policy incident to the closing of Ashland's

2

purchase of the Property (the "Closing"), but denies that the Policy as so issued contained, or

was required to contain, Location Endorsement 4 or Zoning Endorsement 3.1. Lawyers Title

denies the remaining allegations of this paragraph.

       7.     The Amount of Insurance provided pursuant to the Policy was $8,100,000.00.

**ANSWER:**    Lawyers Title admits that the Policy states that the "Amount of Policy" is

$8,100,000.00. Lawyers Title denies the remaining allegations of this paragraph.

       8.     Location Endorsement 4 provided as follows:

The Company [Lawyers Title] hereby insures the insured against loss or damage
which the insured shall sustain by reason of the following:

The failure of the land, described in Schedule A, to be contiguous to each other,
without any gaps, gores or overlaps and, taken as tract, constitute one parcel of
land.

This endorsement is issued as part of the policy. Except as it expressly states, it
does not (i) modify any of the terms and provisions of the policy, (ii) modify any
prior endorsements, (iii) extend the Date of Policy or (iv) increase the Amount of
Insurance. To the extent a provision of the policy or a previous endorsement is
inconsistent with an express provision of this endorsement, this endorsement
controls. Otherwise, this endorsement is subject to all of the terms and provisions
of the policy and of any prior endorsements.

See Exhibit 1, Location Endorsement 4.

**ANSWER:**    Lawyers Title admits that the text quoted in this paragraph is from Exhibit

1 to the plaintiff's Complaint. Lawyers Title denies that Location Endorsement 4 was part of the

Policy, or was required to be a part of the Policy, when the Policy was issued incident to the

Closing. Lawyers Title denies the remaining allegations of this paragraph.

       9.     Zoning Endorsement 3.1 provided, in relevant part, as follows:

The Company [Lawyers Title] insures the insured against loss or damage sustained by the
insured in the event that, at Date of Policy:

CHI1 1429285v.4

     (a)     According to applicable zoning ordinances and amendments thereto, the land is not classified B 1-3 Neighborhood Shopping District (Parcel 3), B3-2 Community Shopping District (Parcels 1 and 2).

Exhibit 1, Zoning Endorsement 3.1.

    **ANSWER:**    Lawyers Title admits that the text quoted in this paragraph is from Exhibit 1 to the plaintiff's Complaint. Lawyers Title denies that Zoning Endorsement 3.1 was a part of the Policy, or was required to be a part of the Policy, when the Policy was issued incident to the Closing. Lawyers Title denies the remaining allegations of this paragraph.

    10.    Near North National Title, LLC was the issuing agent for the Policy.

    **ANSWER:**    Lawyers Title admits the allegations in this paragraph.

    11.    Ashland paid all fees for the Policy, including all endorsements, at the closing on December 22, 2004.

    **ANSWER:**    Lawyers Title admits that its invoiced costs for the issuance of the Policy were paid in full incident to the Closing of Ashland's purchase of the Property. Lawyers Title denies that the fees that Ashland paid incident to the Closing for the Policy were invoiced for the inclusion of Location Endorsement 4 or Zoning Endorsement 3.1 in the Policy. Lawyers Title denies the remaining allegations of this paragraph.

    12.    Subsequently, in or around May 2006, Ashland discovered that the survey prepared by Geopool CML Engineers Land Surveyors dated April 15, 2004, No. 04-074, did not accurately depict the exterior boundaries of the Property or accurately depict the dimensions of said boundaries.

    **ANSWER:**    Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

    13.    Specifically, the majority of Lot 2 in Fish's subdivision, as more fully described in the third of five tracts within Parcel 1 of Exhibit A to Schedule A of the Policy, should not be included in the land. Except for the northwest corner, it does not "fall within Lot 2 of the Assessor's Division aforesaid in Cook County, Illinois." As a result, the land described in Schedule A is not contiguous to each other, without any gaps, gores or overlaps and, taken as tract, constitute one parcel of land (the "Location Defects").

**ANSWER:**     Lawyers Title admits that Exhibit A to Schedule A of the Policy incorrectly reflected that the majority of Lot 2 in Fish's subdivision was included in the Property, when with the exception of the Northwest corner, it was not; admits that the land described in Schedule A of the Policy was not contiguous.  Lawyers Title denies any liability under the Policy for the Location Defect and denies any remaining allegations of this paragraph.

12. (*sic*)[1]     In addition, subsequent to its acquisition of the Property, Ashland discovered that, according to applicable zoning ordinances and amendments thereto, that a portion of the Property is classified as Business Planned Development No. PD300 — not B 1-3 (Parcel 3) and B3-2 (Parcels I and 2) (the "Zoning Defect").

**ANSWER:**     Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding when Ashland discovered the Zoning Defect.  Lawyers Title admits that by letter dated November 15, 2006 from Ashland's attorneys, Ashland advised Lawyers Title that Ashland had become aware of the alleged Zoning Defect.  Lawyers Title denies the remaining allegations of this paragraph.

13. (*sic*)     Ashland has sustained loss or damage by reason of the Location Defects and the Zoning Defect in an amount in excess of FIFTY THOUSAND and 00/DOLLARS ($50,000.00).

**ANSWER:**     Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14.     On or about November 15, 2006, Ashland provided Lawyers Title with notice of claim based upon, among other things, Location Endorsement 4 and Zoning Endorsement 3.1 of the Policy arising from the Location Defects and the Zoning Defect.

**ANSWER:**     Lawyers Title admits that it received a letter dated November 15, 2006 from Ashland's attorneys that Lawyers Title treated as a notice of claim.  Lawyers Title denies

---

[1]  The two previous paragraphs are also numbered 12 and 13.

CHI1 1429285v.4

that the Policy contained Location Endorsement 4 or Zoning Endorsement 3.1, and denies the remaining allegations of this paragraph.

15.     On or about February 5, 2007, Lawyers Title provided Ashland with notice that Lawyers Title denied Ashland's claim based upon Location Endorsement 4 and Zoning Endorsement 3.1.

**ANSWER:**     Lawyers Title admits that it responded to Ashland's notice of claim by a letter dated February 5, 2007, admits that it denied coverage under Location Endorsement 4 and Zoning Endorsement 3.1, but states that it accepted Ashland's claim for the Location Defects in the February 5 letter under Location Endorsement 5, which was a part of the Policy, and has since cured the Location Defects and established title to the Property in Ashland, as insured. Lawyers Title denies the remaining allegations of this paragraph.

16.     On or about February 12, 2007, Ashland requested that Lawyers Title reconsider its denial of Ashland's claim pursuant to Location Endorsement 4 and Zoning Endorsement 3.1 denied.

**ANSWER:**     Lawyers Title denies that Location Endorsement 4 and Zoning Endorsement 3.1 are part of the Policy and denies that it has any liability to Ashland under either endorsement.  Lawyers Title admits the remainder of this paragraph.

17.     On or about February 22, 2007, Lawyers Title refused to reconsider its denial of Ashland's claim pursuant to Location Endorsement 4 and Zoning Endorsement 3.1.

**ANSWER:**     Lawyers Title admits the allegations of this paragraph.

18.     Ashland has performed all of its obligations pursuant to the Policy and satisfied all conditions, not otherwise excused.

**ANSWER:**     Lawyers Title is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

19.     Accordingly, based on all of the foregoing, there is an actual controversy between the parties.

CHI1 1429285v.4

**ANSWER:**     Lawyers Title denies the allegations of this paragraph.

## Count I – Declaratory Judgment

20.     Ashland realleges paragraphs 1 through 19 above as though fully set forth herein.

**ANSWER:**     Lawyers Title repeats and realleges its answers to paragraphs 1 through 19 as its answer to paragraph 20.

21.     Section 2-701(a) of the Illinois Code of Civil Procedure, 735 ILCS 5/2-701. authorizes the Court to make declaratory judgments as follows:

> The court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination, at the instance of anyone interested in the controversy, of the construction of any ... contract or other written instrument, and a declaration of the rights of the parties interested.

735 ILCS 5/2-701(a)

**ANSWER:**     Lawyers Title admits that this paragraph in part quotes 735 ILCS 5/2-701. Lawyers Title denies that Ashland is entitled to its requested relief and denies the remaining allegations of this paragraph.

22.     As set forth above, there is an actual controversy between the parties as to Ashland's right to coverage and indemnification for loss or damage in excess of FIFTY THOUSAND and 00/100 ($50,000.00) by reason of the Location Defects and the Zoning Defects pursuant to Location Endorsement 4 and Zoning Endorsement 3.1 of the Policy.

**ANSWER:**     Lawyers Title denies the allegations of this paragraph.

WHEREFORE, Lawyers Title prays that Count I be dismissed with prejudice and with its costs awarded to it.

## Count II – Breach Of Contract

23.     Ashland realleges paragraphs 1 through 19 above as though fully set forth herein.

**ANSWER:**     Lawyers Title repeats and realleges its answers to paragraphs 1 through 19 as its answer to paragraph 23.

CHI1 1429285v.4

24.     The Policy, including, but not limited to, Location Endorsement 4 and Zoning Endorsement 3.1 is a valid and enforceable contract.

**ANSWER:**     Lawyers Title admits that the Policy is a valid and enforceable contract, but denies that the Policy includes Location Endorsement 4 or Zoning Endorsement 3.1. Lawyers Title denies the remaining allegations of this paragraph.

25.     Ashland has performed all of its obligations pursuant to the Policy and has satisfied all conditions not otherwise excused.

**ANSWER:**     Lawyers Title is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

26.     Lawyers Title has breached its obligations pursuant to the Policy, including, but not limited to, Location Endorsement 4 and Zoning Endorsement 3.1 by failing to indemnify Ashland against loss or damaged sustained by Ashland by reason of the Location Defects and the Zoning Defect.

**ANSWER:**     Lawyers Title denies the allegations of this paragraph.

27.     Ashland has been damaged in an amount in excess of FIFTY THOUSAND and 00/100 as a result of Lawyers Title's breach of its obligations pursuant to Location Endorsement 4 and Zoning Endorsement 3.1 of the Policy.

**ANSWER:**     Lawyers Title denies the allegations of this paragraph.

WHEREFORE, Lawyers Title prays that Count II be dismissed with prejudice and with its costs awarded to it.

## AFFIRMATIVE DEFENSES

### Factual Background

1.     On December 23, 2004, Lawyers Title issued the Policy to Ashland, which did not include Location Endorsement 4 or Zoning Endorsement 3.1, as Ashland never requested those endorsements be issued in connection with the Closing.

2.     In or around May 2006, Ashland obtained a survey prepared by National Survey Service, Inc. that revealed the Location Defect and Zoning Defect.  Ashland did not disclose the

existence of the Location Defect or Zoning Defect to Lawyers Title or Near North National Title, LLC ("Near North"), the issuing agent.

3.      Instead, in October 2006, Ashland's attorney contacted Near North and requested that Location Endorsement 4 or Zoning Endorsement 3.1 be added to the Policy. This was twenty-two months after the Closing and after Ashland learned of the Location Defect and Zoning Defect.

4.      Near North issued the endorsements in October 2006 with a December 23, 2004 effective date.

5.      A month later, on November 15, 2006, Ashland submitted its claim to Lawyers Title for the Location Defect and Zoning Defect under Location Endorsement 4 and Zoning Endorsement 3.1.

## First Affirmative Defense

6.      Lawyers Title incorporates paragraph 1-5 of its affirmative defenses as if fully set forth herein.

7.      Location Endorsement 4 and Location Endorsement 5 (which was a part of the Policy as of the date of the Closing) both relate to contiguity. Lawyers Title accepted, under Location Endorsement 5, that part of Ashland's claim that related to contiguity and obtained a deed that conveyed to Ashland fee title to the non-contiguous land, thereby making the Property contiguous and curing the Location Defect.

8.      That deed was recorded in Cook County on February 28, 2007 as document no. 0705939042. The recording of that deed fully satisfied whatever liability that Lawyers Title may have had under the Policy with respect to the Location Defect – whether under Location Endorsement 4 or Location Endorsement 5.

9.      In particular, the Policy provides:

**9.    LIMITATION OF LIABILITY.**

(a)    If the Company establishes the title, or removes the alleged defect, lien or encumbrance, or cures the lack of a right of access to or from the land, or as insured, or takes action in accordance with Section 3 or Section 6, in a reasonably diligent manner by any method, including litigation and the completion of any appeals therefrom, it shall have fully performed its obligations with respect to that matter and shall not be liable for any loss or damage caused thereby.

## Second Affirmative Defense

10.    Lawyers Title incorporates paragraph 1-5 of its affirmative defenses as if fully set forth herein.

11.    Ashland did not order Endorsement 3.1 for the Policy when it purchased the Property and neither the commitment for the Policy nor the Policy contained that endorsement. In addition, a pro-forma of the Policy – which did not contain that endorsement – was sent to Ashland's attorneys by e-mail prior to the Closing, and Ashland's attorneys did not object to the form of the Policy.

12.    Accordingly, Ashland: (i) did not rely upon Endorsement 3.1 or change its position based on statements made in that endorsement in determining whether to purchase the Property and (ii) has not suffered any loss or damage by reason of any statements made in the Endorsement 3.1.

## Third Affirmative Defense

13.    Lawyers Title incorporates paragraph 1-5 of its affirmative defenses as if fully set forth herein.

14.    While Lawyers Title's investigation is not complete and it reserves the right to amend this answer, it asserts that, based on the knowledge known to date and without waiving any other potential defenses to coverage, the Exclusions from Coverage and/or Conditions and

Stipulations of the Policy may exclude coverage for the Zoning Defect, including without

limitation, the following provisions:

### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this Policy
and the Company will not pay loss or damage, costs, attorneys' fees or expenses
which arise by reason of:

*** 

3.      Defects, liens, encumbrances, adverse claims or other matters:

(a)      created, suffered, assumed or agreed to by the insured claimant;

(b)      not known to the Company, not recorded in the public records at Date of
Policy, but known to the insured claimant and not disclosed in writing to
the Company by the insured claimant prior to the date the insured claimant
became an insured under this policy;

*** 

(d)      attaching or created subsequent to Date of Policy.

*** 

### CONDITIONS AND STIPULATIONS

*** 

### 3.      NOTICE OF CLAIM TO BE GIVEN BY INSURED CLAIMANT.

The insured shall notify the Company promptly in writing … (ii) in case
knowledge shall come to an insured hereunder of any claim of title or interest that
is adverse to the title to the estate or interest, as insured, and that might cause loss
or damage for which the Company may be liable by virtue of this policy.  If
prompt notice shall not be given to the Company, then as to the insured all
liability of the Company shall terminate with regard to the matter or matters for
which prompt notice is required; provided, however, that failure to notify the
Company shall in no case prejudice the rights of any insured under this Policy
unless the Company shall be prejudiced by the failure and then only to the extent
of the prejudice.

CHI1 1429285v.4

## Fourth Affirmative Defense

15.     Lawyers Title incorporates paragraph 1-5 of its affirmative defenses as if fully set forth herein.

16.     Based on the factual allegations set forth above, Ashland has failed to satisfy all conditions precedent to recovery under the Policy, including but not limited to paragraphs 3, 4, and 5 of the Policy's Conditions and Stipulations.

## Fifth Affirmative Defense

17.     Lawyers Title incorporates paragraph 1-5 of its affirmative defenses as if fully set forth herein.

18.     Based on the factual allegations set forth above, Ashland's claims are barred, in whole or part, because its owns actions or omissions contributed to its alleged injury, if any.

## Sixth Affirmative Defense

19.     Lawyers Title incorporates paragraph 1-5 of its affirmative defenses as if fully set forth herein.

20.     Based on the factual allegations set forth above, Ashland's claims for coverage under Location Endorsement 4 and Zoning Endorsement 3.1 are barred, in whole or part, because Ashland's claimed loss or damage, if any, was not fortuitous insofar as Ashland discovered the Location Defect and Zoning Defect *before* requesting issuance of endorsements insuring against those risks.

## Seventh Affirmative Defense

21.     Lawyers Title incorporates paragraph 1-5 of its affirmative defenses as if fully set forth herein.

22.     Based on the factual allegations set forth above, Ashland's claims under Location Endorsement 4 and Zoning Endorsement 3.1 are barred, in whole or part, because Ashland knew

CHI1 1429285v.4

about the Location Defect and Zoning Defect *before* requesting issuance of endorsements insuring against those risks, rendering the endorsements void as against public policy.

### Eighth Affirmative Defense

23.     Lawyers Title incorporates paragraph 1-5 of its affirmative defenses as if fully set forth herein.

24.     Based on the factual allegations set forth above, Ashland's claims are barred, in whole or part, by the doctrines of waiver, estoppel, and unclean hands insofar as Ashland should not be permitted to recover under the Location Endorsement 4 and Zoning Endorsement 3.1 for pre-existing defects it was aware of before requesting issuance of those endorsements.

### Ninth Affirmative Defense

25.     Lawyers Title incorporates paragraph 1-5 of its affirmative defenses as if fully set forth herein.

26.     Ashland's claims are barred, in whole or part, because the controversy between them and Lawyers Title with respect to Location Endorsement 4 is mooted because Lawyers Title has cured the Location Defects.

### Tenth Affirmative Defense

27.     Lawyers Title incorporates paragraph 1-5 of its affirmative defenses as if fully set forth herein.

28.     Based on the factual allegations set forth above, Ashland's claims under Location Endorsement 4 and Zoning Endorsement 3.1 are barred, in whole or part, by the doctrine of unilateral mistake.

CHI1 1429285v.4

## Eleventh Affirmative Defense

29.     Lawyers Title incorporates paragraph 1-5 of its affirmative defenses as if fully set forth herein.

30.     Based on the factual allegations set forth above, Ashland's claims under Location Endorsement 4 and Zoning Endorsement 3.1 are barred, in whole or part, because it fraudulently induced Lawyers Title to issue the endorsements.

## Twelfth Affirmative Defense

31.     Lawyers Title incorporates paragraph 1-5 of its affirmative defenses as if fully set forth herein.

32.     Ashland's claims that Lawyers Title must indemnify it for any alleged loss under the Policy is without merit and premature.  In that regard, Lawyers Title has a right under the Policy to cure any alleged defects prior to incurring any liability therefore.  Specifically the Policy provides:

**4.     DEFENSE AND PROSECUTION OF ACTIONS: DUTY OF INSURED CLAIMANT TO COOPERATE.**

***

(b)     the Company shall have the right, at its own costs, to institute and prosecute any action or proceeding or to do any other act that in its opinion may be necessary or desirable to establish the title to the estate or interest, as insured, or to prevent or reduce loss or damage to the insured. The Company may take any appropriate action under the terms of this policy, whether or not it shall be liable hereunder, and shall not thereby concede liability or waive any provision of this policy.  If the company shall exercise its rights under this paragraph, it shall do so diligently.

## REQUEST FOR RELIEF

33.     Lawyers Title respectfully requests the following relief:

a.     That Ashland take nothing by reason of its suit;

b.     That Lawyers Title be dismissed with its costs; and

c.   That Lawyers Title have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.


LAWYERS TITLE INSURANCE CORPORATION


By: _____/s/ Albert E. Fowerbaugh, Jr._____
              One of its Attorneys

Albert E. Fowerbaugh, Jr.
Locke Lord Bissell & Liddell LLP
111 South Wacker Drive
Chicago, Illinois  60606
Phone:  312-443-1871

Mark T. Davenport
Texas State Bar No. 05418000
(application for admission pending)
Amanda Sotak
Texas State Bar No. 24037530
(application for admission pending)
Figari & Davenport, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas  75202
Phone:  214-939-2000

CHI1 1429285v.4

## CERTIFICATE OF SERVICE

I, Albert E. Fowerbaugh, Jr., certify that on November 13, 2007, I served a true copy of the preceding upon all counsel of record by filing it with the Court via the Court's electronic filing system.

/s/      Albert E. Fowerbaugh, Jr.