# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6241 | **DATE** | 1/19/2012 |
| **CASE TITLE** | 1200 Ashland LLC vs. Lawyers Title Ins. Co. | | |

**DOCKET ENTRY TEXT**

For the reasons stated, Defendant's Bill of Costs is granted in part and denied in part. The Court awards a total of $1,499.45 in costs.

■ [ For further details see text below.]    Notices mailed by Judicial staff.

### STATEMENT

This case was transferred to this Court following a bench trial before Judge David Coar in which the Court entered judgment in favor of Defendant Lawyers Title Ins. Co. on Plaintiff 1200 Ashland, LLC's breach of contract claim. Before the Court is Defendant's Motion for a Bill of Costs. Plaintiff 1200 Ashland, LLC has not responded and the time for doing so has long expired. Defendant seeks a total of $5,722.55 in costs.

Under Fed. R. Civ. P. 54(d), a prevailing party is entitled to recover costs, other than attorney's fees, which are set forth in 28 U.S.C. § 1920. These recoverable costs include: (1) fees of the clerk; (2) fees for transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case. There is a strong presumption in favor of awarding costs to the prevailing party. *Weeks v. Samsung Heavy Indust. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). However, district courts have wide discretion in determining what constitutes taxable costs. *Deimer v. Cincinnati Sub-Zero Prods, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995). The Court must closely scrutinize such expenses, and Defendants are entitled to recover costs only if they are allowable under § 1920 and reasonable in amount and necessity to the litigation. *Marcus & Millichap Real Estate Invest. Servs. Inc. v. Sekulovski*, 2010 WL 145785, at * 8 (N.D. Ill. Jan. 12, 2010) (internal citations omitted). The Court will consider each category of requested costs.

**Removal Fee**

First, it is clear that Defendant is entitled to recover the $350 it paid to remove this case to federal court. The fee is recoverable as a fee of the clerk under § 1920(1).

**Fees of Court Reporter for Transcripts**

Next, Defendant seeks to recover $5,219.85 in fees of the court reporter for transcripts necessarily obtained for use in the case. Courts may award deposition costs, including the costs of transcripts and reasonable appearance fees. 28 U.S.C. § 1920(2); *see Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998). A deposition need not be used at summary judgment or at trial in order for the Court to find that it was necessary. *Cengr v. Fusibond Piping Sys. Inc.*, 135 F.3d 445, 455 (7th Cir. 1998).

**STATEMENT**

     Attached to the bill of costs are invoices for nine depositions.  First, Defendant seeks to recover $786.75 for the deposition of Michael Ansani, a corporate representative of Plaintiff.  This includes $225 in attendance fees, at a rate of $50 per hour, which this Court deems reasonable.  *See Manson v. City of Chicago*, --- F. Supp. 2d ---, 2011 WL 5507369, at *4 (N.D. Ill. Nov. 10, 2011) (noting that courts have found attendance fees ranging from $35.00 to $95.00 per hour to be reasonable).  The transcript costs of $3.25 per page also are reasonable, as it is less than the $3.65 per page that is maximum rate set by the Judicial Conference of the United States.  *See Maximum Transcript Rates*, http://www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/trnscrpt.htm (last visited Jan. 3, 2012).  The Court also will award Defendant costs for scanned exhibits of this deposition, in the amount of $101, because such exhibits are important to understanding the content of the deposition.  *See LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 2011 WL 5008425, at *2 (N.D. Ill. Oct. 20, 2011).  The Court, however, declines to award Defendant the $25 "E-Transcript" fee.  Nor is the $10 shipping fee recoverable.  *See Alcazar–Anselmo v. City of Chicago,* No. 07 C 5246, 2011 WL 3236024, at *9 (N.D. Ill. July 27, 2011).  So the total recoverable for the Ansani deposition is $751.75.

     Defendant also seeks to recover for the depositions of Tony Valevicius and Jeffrey Brand, taken on October 29 and 30, 2009, and billed jointly.  However, the invoice does not indicate the length of the transcript or the number of hours each deposition took.  Given this lack of detail, the Court will not award the desired $1,211.25 in costs.  The same is true of the invoice for the Joel Resnick deposition, for which Defendant seeks to recover $568.75, and the Brian Flanagan deposition, for which Defendant seeks to recover $849.65.  These costs, then, will not be allowed.

     Defendant seeks to recover for copies of several depositions, including that of John Lamberts.  The maximum rate for copies is $0.90 per page.  *See Maximum Transcript Rates*, http://www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/trnscrpt.htm.  The Lamberts deposition was 88 pages, for which Defendant was charged $2.50 per page.  Applying the maximum rate, Defendant may recover $79.20 and $2 for exhibits.  The e-transcript and shipping charges, totaling $33, are not recoverable.  So Defendant may recover $81.20 for this deposition.  Costs for the Cindy Gianopulos deposition copy are similarly reduced to $76.10, and for the Susan Rakowski deposition to $87.70.

     Because the invoices for the copies of the Michael MaRous and Sally Sherman deposition copies do not indicate the number of pages or the rate per page, the Court cannot award the requested costs for these copies.  In sum, then, the Court awards $996.75 in deposition costs.

**Copies of Documents Necessarily Obtained for Use in the Case**

     Courts may award costs for "copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Copies of documents merely for the convenience of the attorney, however, are not recoverable as costs.  *Manson*, 2011 WL 5507369, at *3.  Because the requested $152.70 in exemplification costs appears reasonable and necessary, it will be awarded.

     For the reasons stated, the Court awards a total of $1,499.45 in costs.